Maxwell v. Boyd.

---

MAXWELL, Trustee, Respondent, v. BOYD, Appellant.

St. Louis Court of Appeals, March 5, 1907.

1. **HUSBAND AND WIFE:** Contract of Separation: Public Policy. Contracts of separation between husband and wife are against public policy and are not enforcible at law or in equity.

2. ———: ———: Agreement to Support Child. Where a husband and wife made a written agreement of separation whereby the wife was given custody of their child and a trustee was appointed to whom the husband should pay a certain yearly sum for the support of the child, the trustee could recover in an action against the husband for non-payment of the stipulated sum although the wife had obtained a divorce and remarried.

Appeal from Audrain Circuit Court. — *Hon. R. D. Rodgers,* Special Judge.

AFFIRMED.

*W. W. Botts* for appellant.

Contracts of separation between husband and wife cannot be enforced by an action at law, and will not be sustained even in equity cases when they are executory in nature. M'Breen v. McBreen, 154 Mo. 323; Chouteau v. Douchouquette, 1 Mo. 667; Sackman v. Sackman, 143 Mo. 576; Roberts v. Hardy, 89 Mo. App. 86; 25 Am. and Eng. Ency. Law, p. 456.

*F. R. Jesse* for respondent.

(1) Parts of a contract or agreement may be void, but if any part is valid the courts will uphold and enforce the part which is valid. Presbury v. Fisher, 18 Mo. 50; Rosenblatt v. Townsley, 73 Mo. 536. (2) Although the contract of separation could not be enforced as being against public policy yet that part which pertains to the support of the child is valid and will be enforced. Schnueding v. Doellner, 10 Mo. App. 373; 13 Mo. App. 228; 50 L. R. A. 551. (3) Where a separation between husband and wife is shown to be mutual the husband's liability for the support of his wife and child is not lessened or changed, and the husband cannot relieve himself of this liability unless he shows two things, "first a reasonable allowance for the support of the wife and child and second, that the allowance has been regularly paid." McCenney v. Guheran, 38 Mo. App. 347; Rankin v. Rankin, 83 Mo. App. 335.

STATEMENT.—The action originated in a justice's court in Audrain county. The justice rendered judgment for defendant, from which plaintiff appealed to the

Audrain Circuit Court. The regular judge (Hon. James D. Barnett) disqualified himself to preside at the trial, and Hon. R. D. Rodgers was agreed upon by the parties as special judge to sit in the case. Judge Rodgers qualified as special judge in the cause and it was submitted to him, by agreement of parties, on the following agreed statement of facts:

"John Boyd and Julia Boyd and John Maxwell as trustee for Julia Boyd executed the deed of separation, a true copy of which is filed in this cause. The terms of the deed were carried out to the letter until John Boyd brought suit for divorce in this court in the year 1902, when Julia Boyd resisted the suit and claimed, and the court allowed her $25 suit money and the divorce was denied by the court. Defendant continued to make the annual payments provided for in the contract up to the time the payment sued for in this cause became due. Julia Boyd after the separation lived for several years, having the child Evelene with her, in Montgomery City, Missouri, and was so living there at the time of the trial of the divorce suit above referred to. She afterwards went to the Territory of Oklahoma, taking the child with her, and there sued and obtained a divorce from defendant, and before the payment sued for became due, had remarried and is now married and living in the Territory of Oklahoma, having the said child with her.                    W. W. Botts,
            "Attorney for defendant,
                "F. R. Jesse,
                "Attorney for plaintiff.

## "Deed of Separation.

"This agreement made and entered into this seventeenth day of July, 1900, between John Boyd, Julia Boyd, his wife, and John Maxwell, trustee for the said wife aforenamed, all of Audrain county, Missouri.

"Witnesseth: Whereas, the said John and Julia Boyd for various reasons and causes are unable longer

to live together in as agreeable manner as husband and wife should, and to prevent further disputes, difficulties and dissatisfactions in said marital relations, have separated and have this day mutually agreed and covenanted to live separate and apart and no longer to live together as husband and wife and as a part of this agreement and settlement it is further agreed by and between the parties that in consideration of the premises as well as in consideration of one dollar the said husband pays to the said trustee for the sole use and benefit of the said wife the sum of seven hundred and fifty dollars, the receipt of which is herein acknowledged both by the wife and trustee aforesaid. The said sum so paid to said trustee is for the sole use and separate use of said wife and the said trustee is to pay over, invest or dispose of said sum in any way and at any time the said wife may direct, free and clear of any claims, orders or directions of her said husband or any other person or persons. It is further agreed by and between the parties hereto that the child, Evelene, the daughter of the said parties hereto, now four years and five months old shall remain in the care, custody and control of the said wife unless otherwise ordered by a court of competent jurisdiction for good cause shown and the husband agrees to pay toward the maintenance of said child the sum of fifty dollars annually, the first payment to be made on the twenty-third day of December, 1900, and the successive payments to be made on or before the said date annually each year thereafter as long as said child shall remain in the custody of the said wife and until she arrives at the age of eighteen years when said payments shall cease. It is expressly understood that said payments are for the necessaries of life for said child aside from the care, attention and education that she shall require for her proper bringing up, which said care, attention and education the said wife and mother promises to give free of

charge other than contained in these presents. The said annual sums of money herein provided for are likewise to be paid to said trustee to be paid over or invested by him in any way and at any time that the said wife may direct."

Other provisions of the contract followed, but as they relate solely to the husband and wife, we omit them. On the agreed statement, Judge Rodgers found the issues for plaintiff and rendered judgment accordingly. Defendant filed a timely but unavailing motion for new trial and appealed in the usual way.

BLAND, P. J. (after stating the facts).—That contracts of separation between husband and wife are against public policy, and are non-enforceable at law or in equity, is a well-settled doctrine; the plaintiff concedes as much. But the suit is not between the husband and wife on the contract, nor to enforce any provision of the contract which would inure to the profit or pecuniary advantage of the wife. The defendant occupies this position: He surrendered the care and custody of his infant child to another and contracted to pay to a third person, as trustee, the sum of fifty dollars per annum for the support of his child. He contracted to do what both the laws of nature and of the land say he should do, and what the laws of the land, in a proper case, will compel him to do. Now can it be, that for the reason he selected his wife, with whom he agreed to and does live separate, as the custodian of his child, he is relieved from doing what he ought to do and contracted to do? We think not. We think that while so much of the contract as provides for the separation of defendant and his wife is void, that part which obliges him to pay fifty dollars per annum for the support of his child is binding on him during the child's minority, if he permits the conditions to continue which he not only assented to, but brought about by his own act

and has subsequently ratified by successive payments to the trustee for the child. The agreement as to the child has none of the vitiating elements of a contract of separation between husband and wife. This view is supported by the case of Meyer v. Kuechler, 10 Mo. App. 371. The defendant could not relieve himself of his obligation to support his child, by agreeing to live separate from his wife and by giving her its custody. [Craig v. Donnelly, 28 Mo. App. 1. c. 347.] He could not do this by obtaining a divorce from his wife and leaving the custody of his child with his divorced wife. [Rankin v. Rankin, 83 Mo. App. 335.] He did not attempt to evade his obligation to support the child when he entered into the contract, but now sets up, as a special defense, that for the reason his wife has removed from the State, taking the child with her, has obtained a divorce from him and remarried, he is relieved from the obligation of his contract to support his child. None of these things the wife has done are prohibited by the contract, and even if they were, they were not the acts of the child, nor of the trustee and neither are responsible for them. Nor does the fact that his wife has procured a divorce and remarried relieve defendant of the obligation he entered into with plaintiff, as trustee, to pay fifty dollars per annum for his child's support.

The judgment is affirmed. All concur.