AUGUST C. NOLL, Appellant, *v.* JACK SMITH and Others, Respondents, Impleaded with LOUISE NOLL DITTMAN, Individually and as Executrix, etc., of SUSANNA NOLL, Deceased, Defendant.

Second Department, March 30, 1937.

*Louis Horwitz*, for the appellant.

*Benjamin Mintz*, for the respondents.

HAGARTY, J. Susanna Noll died in January of 1928, leaving a last will and testament which was filed for probate in February of that year. Defendant Louise Noll Dittman, not an appellant here, was named executrix, with one Rudolph R. Noll, who has since died, as executor.

This action was brought by the plaintiff, a residuary legatee under the will of Susanna Noll, on behalf of the estate, to set aside the transfer of a bond and mortgage, part of the assets of the estate. The question presented by this appeal involves the sufficiency of the complaint.

Briefly, the material facts alleged are that among the assets of the estate there was a bond for the sum of $13,000, secured by a mortgage, reduced to $9,000 as the result of a payment on account upon the release of a part of the mortgaged premises; that the defendant executrix assigned the said bond and mortgage to defendant-respondent Liebowitz without consideration, the instrument of assignment having been delivered in blank; that, thereafter, the name of defendant-respondent Trauner was inserted as assignee in the instrument of assignment; that the defendants Liebowitz, Smith and Trauner have an interest in the real property upon which the mortgage is a lien, and the acquisition of the bond and mortgage was for their benefit and they knew that the assignment

was " invalid and ineffectual," having been without consideration; that plaintiff, having a one-fifth interest in the residuary estate, has an interest in this bond and mortgage, and has no remedy at law. The relief sought is that the bond and mortgage, together with the assignment thereof, be surrendered to the representative of the estate and that the mortgage be continued as a lien upon the real property to the extent of the unpaid balance.

It is the law that one who receives property of an estate, knowing that it is the subject of a trust and that it has been transferred in violation of the duty or power of the representative of the estate, takes it subject to the right not only of the beneficiary or *cestui que trust*, but also of the representative, to reclaim possession of the property or to recover damages for its conversion in case it has been converted. (*Briggs* v. *Davis*, 20 N. Y. 15; *Wetmore* v. *Porter*, 92 id. 76; *Zimmerman* v. *Kinkle*, 108 id. 282; *First Nat. Bank* v. *Nat. Broadway Bank*, 156 id. 459; *Squire* v. *Ordemann*, 194 id. 394.)

An action to recover property so converted lies primarily in the representative of the estate, in this case defendant-executrix Louise Noll Dittman. If, however, such representative neglects or refuses, on demand, to bring an action to recover possession of property so converted, such an action may be instituted by a beneficiary on behalf of the estate upon a showing that the representative refused to bring such an action on demand, or upon facts on which may be predicated a finding that such a demand upon the representative would be futile.

Such right was recognized by this court in *Agne* v. *Schwab* (123 App. Div. 746), a suit by a residuary devisee and legatee under a will to set aside a sale, by the administratrix, of property of the deceased as fraudulent against the plaintiff and the creditors of the estate, and to compel the administratrix and her fraudulent vendee to account for the property thus fraudulently diverted. The rule, as stated in the opinion (GAYNOR, J.), reads (p. 747): " An executor or administrator is trustee for the creditors, legatees and distributees of the deceased, and that a suit to annul a fraudulent disposition of the trust property, and to follow the property or its proceeds may be maintained against a trustee of any kind, executor, guardian or trustee of an express trust, and his fraudulent grantee or vendee, by a *cestui que trust*, is a thing not to be disputed (2 Perry on Trusts [5th ed.], secs. 810 *et seq.;* 1 Story's Eq. Jur. [13th ed.], sec. 424; 2 Wms. on Ex'rs. [7th Am. ed.] p. 124; *Hill* v. *Simpson*, 7 Ves. 152; *McLeod* v. *Drummond*, 17 id. 152; *Wilson* v. *Moore*, 1 M. & K. 337; *Field* v. *Schieffelin*, 7 Johns. Ch. 155 *et seq.;* *Haddow* v. *Lundy*, 59 N. Y. 320; *Wetmore* v. *Porter*, 92 id. 76;

*Zimmerman* v. *Kinkle*, 108 id. 282). That the *cestui que trust* may require the executor to account on his accounting for the full value of the property notwithstanding the fraudulent sale was never a reason for refusing to entertain the suit. If it were, the fraudulent grantee or vendee could not be held to responsibility for his wrong at all, for he cannot be brought into the Surrogate's Court and made to account."

*Hart* v. *Goadby* (138 App. Div. 160) and *McQuaide* v. *Perot* (223 N. Y. 75), invoked by the respondents, are not to the contrary. In both of those authorities the exception to the general rule, as I have stated it, is recognized. In *Hart* v. *Goadby* (*supra*) it was held that such an action would not lie on behalf of the plaintiffs as individuals, since it was not alleged in the complaint that the estate had been administered and the rights of the plaintiffs as individuals determined. The right of beneficiaries to sue on behalf of the estate was, however, specifically stated as follows (p. 165): " And where personal property is held by executors or trustees in trust, and they have been guilty of a devastavit in wrongfully diverting trust funds, the action to recover the same is vested in them or in their successors, and can only be maintained by them or their successors, excepting in exceptional cases, where they refuse on demand to bring the action, or a demand on them would be futile or cannot be made, in which event the action may be brought by the beneficiaries making the executors or trustees a party defendant, where that is practicable, or bringing the action in behalf of all parties interested in the estate. [*Robinson* v. *Adams*, 81 App. Div. 20; affd., 179 N. Y. 558; *Western R. R. Co.* v. *Nolan*, 48 id. 513; *Bushe* v. *Wright*, 118 App. Div. 320, 330; *Ettlinger* v. *P. R. & C. Co.*, 142 N. Y. 189.] " So, too, in *McQuaide* v. *Perot* (*supra*), in which the plaintiff sued in the right of the estate and for its benefit because of the refusal of the representative to sue, the right to bring the action was conceded, but it was held that the plaintiff was not entitled to recover upon the facts as disclosed.

The complaint here is defective in that it contains no allegation that on demand the executrix refused to sue, whether collusively or *bona fide*, or of facts from which it might be determined that a demand to sue would be of no avail.

The order should be modified so as to provide that plaintiff be permitted to serve an amended complaint supplying this deficiency, and as so modified affirmed, with ten dollars costs and disbursements to respondents. The amended complaint should be served within ten days from the entry of the order based on the decision herein.

LAZANSKY, P. J., CARSWELL, ADEL and TAYLOR, JJ., concur.

Order modified so as to provide that plaintiff have leave to serve an amended complaint alleging that the executrix refused to sue on demand, or alleging facts from which it might be determined that a demand to sue would be of no avail. As so modified, the order is affirmed, with ten dollars costs and disbursements to respondents; the amended complaint to be served within ten days from the entry of the order hereon.