BROOKLYN FREE KINDERGARTEN SOCIETY, BROOKLYN BUREAU OF CHARITIES, BROOKLYN CHILDREN'S AID SOCIETY, BROOKLYN HOME FOR CHILDREN, BROOKLYN ASSOCIATION FOR IMPROVING THE CONDITION OF THE POOR, CHARITY ORGANIZATION SOCIETY OF THE CITY OF NEW YORK, THE CHILDREN'S AID SOCIETY, LENOX HILL HOSPITAL, ST. JOHN'S GUILD, THE MOUNT SINAI HOSPITAL OF THE CITY OF NEW YORK, WYCKOFF HEIGHTS HOSPITAL SOCIETY OF BROOKLYN, N. Y., GERMAN EVANGELICAL CHURCH and MARIEN-HEIM OF BROOKLYN, Appellants, v. ELBRAN REALTY CORP., MARY H. OXFELD (Also Known as MARY H. STORCH), MAX STORCH, Respondents, and Others, Defendants.— Action brought by certain beneficiaries of a trust of which defendant Carter is surviving trustee, in the latter's right, for the foreclosure of a mortgage upon real property and for incidental equitable relief canceling an alleged forged assignment of the mortgage and a satisfaction piece based thereon, and for other relief. The principal sum secured became due June 19, 1920. Plaintiffs moved at Special Term for an order striking out, as insufficient in law (Rules Civ. Prac. rule 109), the first, second, third, fourth, fifth, sixth and seventh defenses contained in the answer of defendants Storch. They made, also, a separate motion to strike the same defenses from the answer of defendant Elbran Realty Corp. The Special Term made two orders, in each of which defenses numbered second, third and sixth were struck out, and the motions to strike out defenses numbered first, fourth, fifth and seventh were denied. From each order, in so far as it denies the motion to strike out, an appeal is taken. Orders modified so as to provide that the motions to strike out defenses numbered first, fourth, fifth and seventh also be granted. As so modified, the orders, in so far as appealed from, are affirmed, with one bill of ten dollars costs and disbursements to appellants. The complaint states facts sufficient to constitute a cause of action. (8 Carmody's N. Y. Practice, pt. 2, § 781; *Viele* v. *Judson*, 82 N. Y. 32, 39.) The inference is necessary that the trustee unreasonably refused to institute the action, after due demand. Hence the plaintiffs are entitled to maintain it. (*McQuaide* v. *Perot*, 223 N. Y. 75, 79, 80; *Hart* v. *Goadby*, 138 App. Div. 160; *Noll* v. *Smith*, 250 id. 453.) The twenty-year statute (Civ. Prac. Act, § 47) applies, for the action is founded upon a sealed instrument. The facts pleaded in the fourth and fifth defenses are not efficient to show *laches* on the part of plaintiffs or of the trustee chargeable to plaintiffs. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 130; *Monroe County Savings Bank* v. *Baker*, 147 Misc. 522, 523.) As to the seventh defense, from its allegations there can be no inference of estoppel precluding plaintiffs from maintaining this action. (*Board of Supervisors* v. *Otis*, 62 N. Y. 88, 96; *N. Y. Rubber Co.* v. *Rothery*, 107 id. 310, 316; Bigelow on Estoppel [6th ed.], 604.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.