SADIE LEVY and Others, Appellants, *v.* CHARLES-ISIDORE HOLDING CORP. and Others, Respondents, Impleaded with NINTH STREET GARAGE, INC., and Others, Defendants.

First Department, November 18, 1938.

*Louis Zimmerman,* for the appellants.

*Joseph C. Slaughter* of counsel [*Paskus, Gordon & Hyman,* attorneys], for the respondents.

CALLAHAN, J.   The plaintiffs are the children and heirs at law of Max Steinhardt, who died intestate October 22, 1936, and Esther Steinhardt, his wife, who died on May 5, 1937. The individual defendants, Bertha Cohen, Louis Steinhardt, Irving Steinhardt, Samuel Steinhardt and Bessie Hollander, are likewise children and heirs at law of Max Steinhardt and Esther Steinhardt. The defendant Harry Cohen is the husband of Bertha Cohen.

Defendants Irving Steinhardt and Louis Steinhardt are the administrators of the estates of Max and Esther Steinhardt.

This action is brought upon the theory that the administrators of the estates have failed and refused to bring same.

All the relief sought is sought on behalf of the administrators of the estates.

The complaint sets forth five causes of action and alleges substantially as follows:

That in 1926 the decedent Max Steinhardt entered into an agreement with the defendant Harry Cohen, his son-in-law, and the defendant Irving Steinhardt, his son, for the purpose of engaging in the garage business at 311–319 East Eleventh street, New York city; that the lease covering the premises was held by the defendant Charles-Isidore Holding Corporation, as tenant, and that the stock of the corporation was owned by persons who are strangers to the parties; that Max Steinhardt, Harry Cohen and Irving Steinhardt agreed to acquire the lease by purchasing all of the shares of stock of that company from the then owners thereof, and thus obtain possession of the premises.

That it was agreed among the parties to that agreement that the stock should be indorsed in the name of Max Steinhardt's son, Irving Steinhardt, for the benefit of Max Steinhardt, Harry Cohen and Irving Steinhardt, and should so remain until a new corporation was formed for the purpose of operating the garage; that upon the formation of the new corporation, Irving Steinhardt was to make a distribution of the stock of the Charles-Isidore Holding Corporation and the new corporation among the three in proportion to their respective investments.

That it was agreed that Irving Steinhardt and Harry Cohen were each to contribute $10,000, and the decedent Max Steinhardt was to contribute all additional sums required for the purchase of the stock of the Charles-Isidore Holding Corporation, for remodeling the building, for purchasing the fee to the premises, and for all other necessary expenses, until the garage was put on a paying basis; that, in the interim, the interest of each of the parties in the two corporations was to be in proportion to their respective contributions; that until there was a final distribution of the stock of the two corporations, the defendant Cohen was to manage the business and account to the others; that, pursuant to that agreement, Max Steinhardt, the decedent, contributed $90,000 which was used for the above purposes.

It is further alleged that the shares of the Charles-Isidore Holding Corporation were indorsed by the original owners to the defendant Irving Steinhardt and left in the custody of the corporation, and

so remained until the death of Max Steinhardt; that, pursuant to the agreement, the defendant Steinhardts Garage, Inc., was organized, but no shares of stock in such corporation were ever issued, nor were the shares of the Charles-Isidore Holding Corporation ever distributed in accordance with the agreement.

That Harry Cohen managed the garage from the inception of the business until shortly after the death of Max Steinhardt, when Irving Steinhardt joined Cohen and then both took over the management and operation of the garage business and the conduct of the affairs of the two corporations; that defendant Cohen failed to keep proper records of the business and did not account to the other parties or pay them their proportionate share of the profits, and that he likewise failed to account to the administrators after the death of Max Steinhardt.

That during the joint management of the garage by Cohen and Steinhardt, these two defendants kept no records and failed and refused to account to the administrators.

That thereafter Irving Steinhardt took possession of the shares of stock of Charles-Isidore Holding Corporation and has refused to distribute them in accordance with his agreement, and now claims sole ownership and threatens to and has taken steps to deprive the other parties to the agreement of their right of participation therein.

That defendant Steinhardts Garage, Inc., has failed and refused to make any distribution of its shares of stock, and no shares of stock have ever been issued.

That the administrators refused to take any proceedings, to the irreparable injury of the estates and to the plaintiffs as distributees.

The first cause of action seeks an adjudication that the ownership of the stock of the Charles-Isidore Holding Corporation be determined in accordance with the agreement between the parties, and that a distribution of stock be made accordingly, and that the defendant Irving Steinhardt be enjoined from claiming sole ownership of all the shares of stock of that corporation.

The second cause of action seeks an accounting from the defendant Cohen for the period during which he alone ran the garage business pursuant to the agreement.

These causes of action were not attacked as insufficient, but are outlined (as is the fifth cause of action hereinafter) because of the order of severance.

The third cause of action seeks an accounting from both Irving Steinhardt and Harry Cohen for the period during which they jointly ran the business.

The fourth cause of action asks that Steinhardts Garage, Inc., be compelled to issue to the estate of Max Steinhardt the shares of stock of such corporation which Max Steinhardt was entitled to receive under the agreement alleged.

All of these four causes of action arise out of the one contract above outlined.

The fifth cause of action is against the defendants Ninth Street Garage, Inc., and Ninth Street Realty Corporation, based upon the fact that at his death Max Steinhardt was the owner of all the shares of stock of both of these corporations, and that such corporations refused to transfer the shares of stock in the name of the administrators, and that the administrators failed to bring any proceedings to compel same.

Plaintiff's third cause of action was dismissed as against Irving Steinhardt, because "plaintiffs, in their individual capacity, have no authority to complain of Irving Steinhardt as an officer of the corporation for his tortious acts." The court at Special Term held that the action must be brought by the corporation or a stockholder.

We think it is clear that the cause of action is not, nor was it intended to be, a derivative action, nor is it based upon any complaint against such defendant as an officer. It is not an action against Irving Steinhardt as an officer of the corporation for his tortious acts. It is based upon the underlying agreement made by the decedent with Irving Steinhardt and Harry Cohen. The underlying agreement was one of joint venture, and plaintiffs, as distributees and successors to Max Steinhardt, are entitled to have his coadventurers account. The plaintiffs have a right to bring this action by reason of the failure and refusal of the administrators so to do. (*Haddow* v. *Lundy*, 59 N. Y. 320; *Noll* v. *Smith*, 250 App. Div. 453; *Agne* v. *Schwab*, 123 id. 746.)

The third cause of action states a valid cause of action against Irving Steinhardt and should not have been dismissed.

The fourth cause of action is pleaded only against Steinhardts Garage, Inc. It seeks to compel that defendant to issue a part of its corporate stock to plaintiffs, in accordance with the rights acquired by the estates under the underlying agreement, but no definite number of shares is sought. The complaint alleges that the coadventurers were to receive stock in accordance with their respective investments. The investment of Harry Cohen is stated to be unknown. The capitalization of the corporation is not alleged. If the action was one to compel the issuance of an ascertained number of shares of stock, it would be unnecessary for plaintiffs to join any other possible claimants thereto as parties defendant. They might be interpleaded by the corporate defend-

ant if it felt their presence necessary. (*Selwyn-Brown* v. *Superno Co., Inc.*, 181App. Div. 420.) But until the rights of the plaintiffs are ascertained, no cause of action is stated against Steinhardts Garage, Inc., at least in the absence of the coadventurers as parties. The fourth cause of action is, therefore, insufficient, and was properly dismissed.

There was no necessity for a severance of the first cause of action from the other causes of action. The first four causes of action are all based on the one agreement, and they were properly united. (Civ. Prac. Act, §§ 212 and 258.) That an accounting is involved in some of them, and not in others, would not warrant severance under the circumstances.

The order appealed from should be modified by denying the motion to strike out the third cause of action, and by denying a severance of the first cause of action from the remaining issues, and, as so modified, affirmed, without costs, with leave to plaintiffs to serve a further amended complaint.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously modified by denying the motion to strike out the third cause of action, and by denying a severance of the first cause of action from the remaining issues, and, as so modified, affirmed, without costs, with leave to plaintiffs to serve a further amended complaint.