WILLIAM C. FARLEY, Respondent, v. FREDERICK C. OVERBURY, Appellant.— Action to recover on five long form notes executed in connection with collateral agreements. Upon reargument, the decision and order of this court, dated February 19, 1940 [258 App. Div. 1073], are vacated and annulled, and the judgment entered on the verdict directed in favor of plaintiff is affirmed, with costs. Upon re-examination of the evidence it appears that the pledged shares of stock are in plaintiff's possession, and certificates therefor were tendered on the trial. It was not error, therefore, to preclude defendant from establishing that he would not have made the admission of indebtedness on October 21, 1931, if he had known that the collateral had been disposed of, and it was proper to exclude other immaterial testimony offered by defendant. The notes are payable on demand, and in order to establish a *prima facie* case plaintiff was not required to prove that there had been a decline in the market value of the pledged securities, as recited in the collateral agreements. (*First Nat. Bank* v. *Blackman*, 249 N. Y. 322.) It has been held heretofore that the plaintiff is the real party in interest by virtue of a valid assignment. (*Farley* v. *Overbury*, 254 App. Div. 739.) The record discloses that there was no material fact in dispute and it was proper to direct a verdict in favor of plaintiff. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty, J., dissents with the following memorandum: I dissent and vote to reverse the judgment and dismiss the complaint on the ground that the plaintiff is not the real party in interest and, therefore, without capacity to sue. Concededly, the plaintiff is assignee of foreign executors-trustees, and the assignment was without consideration. The foreign representatives who assigned to plaintiff in this State for the purpose of bringing this action did so in violation of their duties as fiduciaries, and the defendant, in paying the alleged assignee, would not be protected against a future claim by the assignors or their successors (*Newton* v. *Scott*, 254 App. Div. 140) or, in a proper case, by the beneficiaries. (*Noll* v. *Smith*, 250 App. Div. 453.) Assets in the hands of the representatives of an estate are trust funds and subject always to the immediate control of the Surrogate's Court. It is contrary to the policy of the law to allow a representative, be he executor, administrator, or trustee, to place the funds of the estate beyond the reach of the court administering the estate. (*Deobold* v. *Oppermann*, 111 N. Y. 531.)

The Surrogate's Court Act (§ 231) requires executors, administrators, guardians and testamentary trustees to conduct all estate transactions in their representative capacity. In such a case as this, the proper procedure is for the representatives of the estate to procure the issuance of ancillary letters for the purpose of enabling the person or persons so appointed to deal with the assets or property which may be located here, including the bringing of this action. This, for the reason that foreign representatives are without authority to act in our jurisdiction. But assets in this State must be administered here and are subject to the claims of creditors, as well as to the State Tax Commission. (See Surr. Ct. Act, §§ 162, 163.) *Petersen* v. *Chemical Bank* (32 N. Y. 21), decided in 1865, and the authorities stemming from it, are not to the contrary. There the assignee deposited to the credit of himself, as trustee for the estate, the full amount of the claim assigned, the withdrawal of which was conditioned on consent of the executor. Under the circumstances, the court refused to consider the motive behind the transaction, recognizing a sufficient consideration for the assignment. Furthermore, the decision was prior to the adoption of transfer or estate tax laws by the State of New York. Close, J., concurs with Hagarty, J. [See *ante*, p. 832.]