774

## PERCIVAL v. LUCE.

### No. 9467.

Circuit Court of Appeals, Ninth Circuit.

Sept. 20, 1940.

Rehearing Denied Oct. 29, 1940.

J. D. Skeen and E. J. Skeen, both of Salt Lake City, Utah, for appellant.

Harold O. Taber, of Reno, Nev., for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

As guardian of John Pervical Luce and Dorothy Hume Luce, minors, appellant, W. W. Percival, a citizen of Utah (hereafter called plaintiff), brought this action against appellee, Harold Luce, a citizen of Nevada (hereafter called defendant), in the District Court of the United States for the District of Nevada to recover of defendant $7,600, with interest and costs. Defendant answered. The answer contained no counterclaim. No reply was ordered,[1] and none was filed. Thus, with the filing of the answer, the pleadings were closed. Thereafter both parties moved for judgment on the pleadings.[2] The court granted defendant's motion and entered judgment in his favor. Plaintiff has appealed.

The question is, Did the complaint state a claim upon which relief could be granted?[3] If it did, the granting of defendant's motion was error. If it did not, no error was committed.

The complaint stated that plaintiff was the general guardian of the above-named minors; that he and they were residents and citizens of Utah; that defendant was a resident and citizen of Nevada; that the minors were children of defendant and Dorothy Lehman (formerly Dorothy Luce); that on February 25, 1925, defendant and Dorothy Lehman (then Dorothy Luce) made a contract whereby defendant promised to pay to Dorothy Lehman $25 a month for the support and maintenance of each of the minors until they attained the age of majority; that a copy of the con-

---

[1] Federal Rules of Civil Procedure (28 U.S.C.A. following section 723c), Rule 7(a).

[2] Id., Rule 12(c).

[3] Id., Rules 12 (b) (6), (h) (1).

tract, marked "Exhibit A," [4] was attached to and made part of the complaint; that, though often requested, defendant had "failed and refused to pay to the plaintiff or to any other person, for the use and benefit of the said minor children, all or any part of said monthly payments due under the terms of [the contract] since on or about the 1st day of November, 1926;" and that, at the time of filing the complaint (June 27, 1939), there was due and owing under the terms of the contract $7,600, with interest.

■ The gist of the complaint was that defendant had refused to pay to plaintiff as guardian of the minors sums of money which defendant, by his contract with Dorothy Lehman, had promised to pay to Dorothy Lehman. It was not claimed or suggested that plaintiff or either of the minors was the transferee, assignee or successor in interest of Dorothy Lehman. How, then, could it be said that the complaint in this action—an action by plaintiff as guardian of the minors—stated a claim upon which relief could be granted?

Plaintiff's brief states that the action was instituted upon the theory that the minors were "third party beneficiaries" of the contract between defendant and Dorothy Lehman. The theory was not a tenable one. The contract, so far as pertinent here, was a contract for the benefit of Dorothy Lehman. The pertinent part of the contract— the only part relied on by plaintiff—was defendant's promise to pay to Dorothy Lehman $25 a month for the support and maintenance of each of the minors until they attained the age of majority. The promise was made to Dorothy Lehman. The money was to be paid to Dorothy Lehman. Thus Dorothy Lehman was not only the promisee, but was also the payee, and the only payee, mentioned in the contract.

■ It is true that the money which defendant promised to pay to Dorothy Lehman was to be used by her for the support and maintenance of the minors. It is also true that, if the money had been so used, such use would have benefited the minors. Thus, indirectly and incidentally, the minors would have benefited from the performance of defendant's promise. That, however, was not enough to entitle them, or plaintiff for them, to maintain this action. To entitle a third party to sue on a contract, it must appear that the contract was made for his direct, as distinguished from incidental, benefit. Second Nat. Bank v. Grand Lodge, 98 U.S. 123, 124, 25 L.Ed. 75; Constable v. National S. S. Co., 154 U. S. 51, 73, 14 S.Ct. 1062, 38 L.Ed. 903; German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230, 33 S.Ct. 32, 57 L. Ed. 195, 42 L.R.A.,N.S., 1000; Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 307, 48 S.Ct. 134, 72 L.Ed. 290; Pennsylvania Steel Co. v. New York City Ry. Co.,

---

[4] Exhibit A:

"This Agreement made and entered into this 25th day of February, A.D. 1925, by and between Harold Luce, of Reno, Washoe County, Nevada, party of the first part, and Dorothy Luce [now Dorothy Lehman], of the same place, party of the second part, Witnesseth:

"Whereas, the parties hereto were married on the 16th day of May, 1921, and ever since that time have been, and at the present time are, husband and wife; and

"Whereas, certain unhappy differences have arisen between the parties hereto as the result of which the party of the second part has commenced, or is about to commence, an action for divorce against the party of the first part; and

"Whereas, there are now living as the issue of said marriage two children, to-wit: John Percival Luce, now of the age of about three, and Dorothy Hume Luce, now of the age of about one and one-half years; and

"Whereas, the parties hereto are desirous of agreeing upon the matter of the custody of the children and of the amount the party of the first part should pay to the party of the second part for the support of herself and the two minor children in the event a decree of divorce should be granted;

"Now, therefore, in consideration of the premises, as hereinafter mentioned, the parties hereto agree as follows:

"First: That the party of the second part may be awarded the custody of the aforesaid children with the right and privilege in the party of the first part to visit with said children at any and all reasonable times, after reasonable notice to the party of the second part.

"Second: For the support and maintenance of the aforesaid children the party of the first part shall pay to the party of the second part the sum of $25.00 per month for each of said children, the payment of said sum of $25.00 per month to discontinue as each child attains the age of majority."

Other provisions are not here pertinent.

2 Cir., 198 F. 721, 749; In re Gubelman, 2 Cir., 13 F.2d 730, 731, 48 A.L.R. 1037; In re United Cigar Stores Co., 2 Cir., 70 F.2d 313, 316; In re A. C. Becken Co., 7 Cir., 75 F.2d 681, 685; M. E. Smith & Co. v. Wilson, 8 Cir., 9 F.2d 51, 52.

None of the cases cited by plaintiff lends any support to his claimed right to maintain this action. He cites Hendrick v. Lindsay, 93 U.S. 143, 23 L.Ed. 855, and other cases holding that a third party for whose direct benefit a contract was made may sue thereon—a proposition which nobody here disputes—but he cites no case holding that an incidental beneficiary may sue.

In Maxwell v. Boyd, 123 Mo.App. 334, 100 S.W. 540; Marks v. Wooster, Mo.App., 199 S.W. 446; Diettrich v. Haberman, 124 Or. 508, 264 P. 845, and Stone v. Bayley, 75 Wash. 184, 134 P. 820, 48 L.R.A.,N.S., 429, cited by plaintiff, no question of third party beneficiaries was involved. The plaintiff in each of those cases was a party to the contract sued on. In the Maxwell case, the plaintiff (a trustee) was one of the two promisees named in the contract and was the sole payee—the only person to whom the contract required any money to be paid. In the Marks case, the Diettrich case and the Stone case, the plaintiff was the sole promisee and the sole payee mentioned in the contract. In Gould v. Gunn, 161 Iowa 155, 140 N.W. 380, the plaintiffs, though not parties to the contract, were the payees therein named. In the case at bar, the claimed beneficiaries were neither promisees nor payees.

Apart from any question of third party beneficiaries, the complaint in this case was insufficient, in that it failed to show any breach of the contract between defendant and Dorothy Lehman. It stated that defendant had failed and refused to make certain payments to plaintiff or to any other person for the use and benefit of the minors, but that was immaterial, for the contract did not require defendant to make any such payment. It did require him to make payments to Dorothy Lehman for the support and maintenance of the minors, but, as to those payments, no default was alleged. The complaint stated that there was due and owing under the terms of the contract $7,600, with interest, but that obviously was a mere conclusion, and one which the pleaded facts did not warrant.

Judgment affirmed.

DENMAN, Circuit Judge (dissenting).

Although the weight of authority is that the children are not third party beneficiaries of the contract between husband and wife, they are the beneficiaries of a trust obligation of the wife to collect the money for their sole use and so to use it. The briefs of both litigants agree and the answer alleges that the wife has refused to perform her trust obligation. Instead she returned payments sent her under the contract with notice that she would receive no more. In this situation the trust beneficiaries are entitled to sue in the trustee's behalf in a suit in which the trustee is joined.[1]

Under the present rules of Federal Procedure making no distinction between actions at law and suits in equity and seeking to facilitate the final determination of litigants' rights, it would seem proper not to dismiss finally but with permission to amend and join the mother rather than require a new action.[2]

---

[1] Cherry v. Howell, 2 Cir., 66 F.2d 713; Grant v. Insurance Co., 121 U.S. 105, 112, 7 S.Ct. 841, 30 L.Ed. 905; President and Trustees of Bowdoin College v. Merritt, C.C., 54 F. 55, 60, 61; Fleming, Adm'r v. Holt et al., 12 W.Va. 143, 153; Brooklyn Free K. Soc. v. Elbran Realty Corp., 255 App.Div. 852, 7 N.Y.S. 2d 531, 532; Noll v. Smith, 250 App.Div. 453, 294 N.Y.S. 562, 564, 565; Hart v. Goadby, 138 App.Div. 160, 123 N.Y.S. 166, 171; 4 Bogert, Trusts and Trustees, § 870, p. 2533; Williston on Contracts § 355; Restatement of the Law of Trusts § 282 (2); and 65 Corpus Juris § 748.

[2] Hart v. Goadby, 138 App.Div. 160, 123 N.Y.S. 166, 167, 171; Noll v. Smith, 250 App.Div. 453, 294 N.Y.S. 562, 566.