Jacob J. Schwartzwald, J.
Defendant moves to dismiss the second cause of action on the ground that it did not accrue within the time limited by law. The single issue to be determined herein is whether the cause of action is subject to the 10-year Statute of Limitations applicable to actions in equity or the six-year Statute of Limitations applicable to actions for breach of contract.
The second cause of action in substance alleges: Plaintiff and defendant Mark were 'copartners in the importing and exporting business. Prior to December 26,1956 they agreed that the partnership business should be continued under corporate form; that they should be equally interested as the sole stockholders of the corporation; that the partnership business, including all the assets and liabilities thereof, should be transferred to the corporation; and that they should continue to be equal partners in all other business ventures undertaken by either of them, whether in corporate form or otherwise. It is *473 further alleged that the defendant corporation was formed on December 26, 1956 and upon its incorporation the partnership transferred its business to the corporation; that by reason thereof plaintiff is entitled to one half of the issued and outstanding capital stock of the corporation; that the corporation issued all the outstanding stock to defendant Mark and refuses to issue its stock to plaintiff; and that plaintiff is entitled to one half of the stock issued to defendant Mark.
As relief plaintiff seeks that defendant Mark deliver to him one half of the amount of shares of the stock in the corporation, or, if all of the authorized number of shares of capital stock have not been issued to defendant Mark, then the corporation shall deliver to plaintiff an equal number of shares as it had issued to Mark.
The defendant asserts that the complaint is based upon the allegation of the making of a contract and accordingly the limitation is fixed at six years. In support thereof defendant cites Jaskol v. French Security Co. (153 N. Y. S. 2d 361). The basis for the determination in the cited case is clearly expressed therein at page 363, where the court said: ” The rights arising out of the agreement were contractual in nature and no express trust was established thereunder.” (Italics supplied.) Here, however, the basic agreement of the parties as alleged by the plaintiff appears to be one of partnership or joint venture. (See Levy v. Charles-Isidore Holding Corp., 255 App. Div. 389.) If a joint venture or partnership exists, then the 10-year Statute of Limitations is applicable. The motion is accordingly denied with leave to defendant to plead the six-year Statute of Limitations in the answer so that such defense will be available to him during the progress of the action. (See Lester v. Ennis, 25 Misc 2d 334.)