ALICE MAUDE ELSMAN, Respondent, v. RALPH ELSMAN, Appellant.

First Department, December 27, 1935.

*Carl Rood* of counsel [*Ruth Schrenzel* with him on the brief; *Carl Rood*, attorney], for the appellant.

*Theodore L. Harrison* of counsel [*William F. McDermott* and *Charles J. Hardy, Jr.*, with him on the brief; *Hardy, Stancliffe & Hardy*, attorneys], for the respondent.

O'MALLEY, J. The agreement under seal between the defendant and a trustee made when the plaintiff and defendant were husband and wife, named the latter as beneficiary. She seeks to recover from the defendant a deficiency of income under the amount payable to her. The contract, however, provides that under such circumstances the trustee shall notify the defendant of the amount of such deficiency and the defendant " *will pay to the Trustee*, and the Trustee will accept * * *, funds sufficient to meet the deficiency and will disburse and pay them to the Beneficiary the same as though they were received as part of the income of the Trust Fund." (Italics ours.)

The action, therefore, should have been brought by the trustee, or by the plaintiff as beneficiary, only upon a showing that a demand had been made on the trustee to proceed and that such demand has been refused, in which event the trustee would also be a proper party. (*Anderson* v. *Daley*, 38 App. Div. 505, 510; *Butler* v. *Butler*, 41 id. 477, 480; *Ducas* v. *Ducas*, 150 id. 397.)

In the absence of allegation and proof that demand was made upon the trustee to bring the action and that such was refused, it was error to grant summary judgment in favor of the plaintiff.

The order and judgment should be reversed, with costs, and motion denied, with ten dollars costs.

McAVOY, MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.