## In re JAMES BUTLER GROCERY CO.

### No. 31619.

District Court, E. D. New York.

July 26, 1937.

Rabenold, Scribner & Miller, of New York City, for Harry Zalkin.

Sullivan & Cromwell, of New York City, for Hecker Products Corporation and Standard Milling Co.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., for Star & Crescent Milling Co. and Washburn Crosby Co.

Horace G. Pender, of Brooklyn, N. Y., for debenture trustee.

Herman G. Robbins, of Brooklyn, N. Y., for various creditors.

GALSTON, District Judge.

This is a motion to review the order of the referee which disallowed and expunged certain proofs of claim filed by participation certificate holders.

It appears that the bankrupt as a debtor filed a petition under section 77B of the Bankruptcy Act, 48 Stat. 912 (11 U.S.C.A. § 207 and note) for reorganization on March 15, 1935. The plan of reorganization was approved by the District Court, and the final decree entered June 29, 1936.

Pursuant to the plan of reorganization an indenture was entered into on June 23, 1936, between the James Butler Grocery Company on the one hand, and H. D. Warrick, William Quin, Raymond Hough, Paul N. Robins and Jerome Count, as trustees, and the Manufacturers Trust Company, whereby the company promised to pay the trustees at the office of the trust company on the 3d day of April, 1945, $725,165.93, with interest from June 23, 1936, at the rate of 3 per cent. It was directed that the trustees issue participa-

tion certificates to each unsecured creditor of the company in the amount for which each such creditor's claim has been filed and allowed in the 77B reorganization proceedings.

Thereafter, on December 14, 1936, the bankrupt herein filed a petition in bankruptcy and was on that day adjudicated a bankrupt. On January 26, 1937, the trustees under the aforesaid indenture filed a claim on behalf of the holders in the sum of $725,165.93. Participation certificate holders having also filed claims based on their ownership of said participation certificates, the trustee in bankruptcy moved to expunge those claims. It is from the order granting the motion that review is here sought.

Certificate holders appearing on this motion are particularly concerned because they assert that as a result of expunging their claims they are thus denied the benefit of offsets against the bankrupt. The argument of these creditors proceeds under a false premise. They assert that the plan of reorganization in 77B became inoperative. Such is not the fact, for the final decree in that proceeding recites that the debtor had executed and carried into effect the plan of reorganization theretofore confirmed by order of the court on April 17, 1936. This final decree approved that report of the debtor, and declared the plan of reorganization to be in all respects fully executed, carried out, and accomplished.

Thus the position of the unsecured creditors became changed. They were divested of their original claims and by decree of the court became entitled to receive in extinguishment thereof the participation certificates provided for in the plan of reorganization. Such· certificates were duly executed by the parties to·the indenture and delivered to those unsecured creditors. However, the claimants contend that each participation certificate holder is an equitable owner of the underlying indenture, and is to that extent a creditor of the bankrupt with a ·provable claim. It is asserted that the trustees are merely the nominal title ₁ holders of the $725,165.93 debenture, and that their trust, when the petition in bankruptcy was filed, was rendered dry and naked, that the trust title failed, and ownership ·of the debenture vested in the participation certificate holders.

There is nothing either in the reorganization plan, in the final decree or in the indenture, or the participation certificates to indicate that the old debt was to be revived by any subsequent event.

Moreover, pertinent portions of the indenture do not sustain the position of the certificate holders. It is recited in the indenture that the debenture "should bear interest at the rate of three (3%) per cent per annum * * * and should at all times be subordinate to loans or credits of the company for additional capital not exceeding at any one time the sum of $300,000., and the principal and interest thereon should be retired out of the profits and surplus of the company * * * · and that twenty-five (25%) per cent of the company's annual profits, if any, * * * together with the proceeds of the sale of any of its capital assets (other than fixed assets) in excess of a ratio of current assets to current liabilities of two to one, should be applied in payment of said debentures; etc."

Article 3 of the indenture, section 1, provides in part: "In the event that the Company shall, prior to payment in full of the debentures with interest, make an assignment for the benefit of its creditors, file a certificate of dissolution, or if any petition in bankruptcy shall be filed by or against it, or a receiver be put in charge of its property, or if any other proceeding be taken by or against it for the liquidation of its assets, then, and in any such event, the Trustees, in their discretion, may declare any unpaid balance of said debentures immediately due and payable, and the Trustees and the Manufacturers Trust Company may respectively bring appropriate proceedings for the enforcement or the protection of the same."

Any breach, therefore, of the indenture gives a right of action·against the bankrupt to the trustees to whom the ·indenture was made payable. See Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469; In re E. T. Kenney Co. (D.C.) 136 F. 451; Matter of Straut, 126 N.Y. 201, 27 N.E. 259.

Not only was ·power vested in the trustees, but they have exercised it. To permit the participation certificate holders to do likewise would, of course, mean an invasion of the privilege conferred upon the trustees. Certainly, the claims of the trustees and the claims of the participation certificate holders cannot both be allowed, and by no power of reasoning could the claim of the trustees be expunged. See In re E. T. Kenney Co. (D.C.) 136 F. 451.

Of course, had the trustees failed in their duty to the certificate holders, or refused to prove their claim, the certificate holders would have a right of action, but not until such failure. Elsman v. Elsman, 245 App.Div. 699, 284 N.Y.S. 406.

The order of the referee is affirmed. Settle order on notice.