■ JONI T. LEVY, an Infant, by WILHELMINA LEVY, Her Guardian ad Litem, Respondent, v. CARVER FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.— Order, entered on October 8, 1962, granting plaintiff's motion for summary judgment and the judgment entered thereon on October 15, 1962, unanimously reversed, on the law, without costs, and the motion for summary judgment denied with leave to plaintiff to serve an amended complaint, if so advised, within 10 days after the service of a copy of the order to be entered hereon with notice of entry. The action was brought by the beneficiary of a trust account, opened in defendant bank, to recover moneys withdrawn by one of two trustees. The gravamen of the complaint is that the bank was negligent in opening the account in such form as to enable withdrawals from the account to be made by either trustee instead of requiring the signature of both trustees. We do not reach the merits of the defendant's liability, since plaintiff may not be considered the real party in interest to maintain this action in the present state of the pleadings. A *cestui que* trust is not the real party in interest to maintain an action in relation to the trust property unless it is alleged and proved that a demand was made upon the trustee to bring the action and that such demand was refused, in which case the trustee is to be made a party defendant. (*Elsman* v. *Elsman*, 245 App. Div. 699, 700; *Hart* v. *Goadby*, 138 App. Div. 160, 165; *Butler* v. *Butler*, 41 App. Div. 477, 480; *Anderson* v. *Daley*, 38 App. Div. 505, 510; Restatement, Trusts 2d, §§ 281, 282; Bogert, Trusts and Trustees [2d ed.], § 869; 2 Carmody-Wait, New York Practice, pp. 545, 547.) The capacity of plaintiff to sue was properly raised in the second affirmative defense in the answer. (*Massi* v. *Alben Bldrs.*, 270 App. Div. 482, 485;

*Reed* v. *Hopkins,* 10 A D 2d 897.) Plaintiff has not alleged nor shown any demand on the nondefaulting trustee to sue, nor has the trustee been made a party defendant, upon refusal to sue. Accordingly, plaintiff's motion for summary judgment should have been denied. Plaintiff will, however, be permitted to serve an amended complaint supplying the deficiency. (See *Noll* v. *Smith,* 250 App. Div. 453.) Settle order on notice. Concur — Rabin, J. P., Valente, McNally and Bastow, JJ.