■ In the Matter of the Arbitration between LORRAINE

SCHNEIDMAN, Appellant, and HARVEY MARTIN, Respondent.— Order of the Supreme Court, New York County (Irma Santaella, J.), entered March 2, 1987, which denied petitioner's application for an order staying arbitration as to her, is unanimously reversed, on the law, and the motion to stay arbitration granted, without costs.

Petitioner-appellant Lorraine Schneidman is the widow of Seymour Schneidman, who was founder of the accounting firm Seymour Schneidman and Associates (SS&A) and partner of that firm until his death in 1985. By demand for arbitration dated September 30, 1985, SS&A commenced an arbitration proceeding, naming respondent-respondent Harvey Martin, a former partner of the firm, and another former partner of the firm as respondents. Martin added Seymour Schneidman's widow to the proceeding by demand for arbitration dated March 21, 1986. The demands for arbitration were made pursuant to the partnership agreement, as amended, which provided for arbitration of any disputes relating to that agreement. Seymour Schneidman was a party to this agreement. The subject of the dispute centers on Martin's claim that particular provisions of the partnership agreement entitle him to a portion of the income payments being made to Lorraine Schneidman, as the widow of Seymour Schneidman, pursuant to certain newspaper management contracts.

Lorraine Schneidman was never a party or signatory to the SS&A partnership agreement which contains the arbitration clause and she therefore sought an order in the Supreme Court staying arbitration. The court, concluding that petitioner was a "contemplated beneficiary" of an agreement subject to arbitration, ruled that she was therefore bound by the arbitration clause and thus denied the petition to stay arbitration.

Arbitration is a creature of contract and only parties who have expressly agreed to an arbitration agreement can be compelled to arbitrate a dispute. (Matter of Waldron [Goddess], 61 NY2d 181, 183; Matter of Astoria Med. Group [Health Ins. Plan], 11 NY2d 128, 132-133.) There is no dispute that Lorraine Schneidman never entered into an agreement to arbitrate and, in fact, never had any relationship with the SS&A partnership. Neither had she obtained any rights to her late husband's partnership interest. (Cf., Menaker v Padover, 75 AD2d 807, 807-808, lv denied 50 NY2d 926.) Additionally, she was not even an executor of her late husband's estate, as was the case in Matter of Rodgers v Logan (121 AD2d 250, 254). Even assuming Lorraine Schneidman is a "contemplated

beneficiary" of the agreement, there is no basis in the law to conclude that a "contemplated beneficiary" of a contract can be bound to that contract's arbitration clause. There being no basis in law for compelling petitioner to arbitrate, her petition to stay arbitration as to her is granted. Concur—Sandler, J. P., Carro, Asch and Smith, JJ.