■ In the Matter of the Arbitration between FIRST WINTHROP PROPERTIES, INC., Respondent, and MICHAEL CARNEY, as Treasurer of the International Union of Operating Engineers Local 94-94A-94B, AFL-CIO, Appellant.—Order and judgment (one paper) Supreme Court, New York County (Harold Tompkins, J.), entered on February 7, 1991, which granted the petition, pursuant to CPLR 7503, to stay arbitration, unanimously affirmed, without costs.

In 1986, International Union of Operating Engineers Local 94-94A-94B, AFL-CIO, an unincorporated labor organization, and First Winthrop Properties, Inc., a corporation principally engaged as a managing agent for commercial real property, entered into an agreement negotiated by the Realty Advisory Board (RAB), a multi-employer bargaining unit, which represented petitioner, First Winthrop and other managing agents and building owners in negotiations with labor unions. After expiration of the 1986 Agreement on December 31, 1988, a new agreement beginning in January of 1989 was implemented. Although not a signatory to the 1989 Agreement, petitioner employed four union employees and compensated them pursuant to the wage rates of the 1989 Agreement. In June, 1989, however, the employees were fired because the building in which they were employed was to be sold.

Respondent Union claims, *inter alia,* that petitioner is bound by the 1989 Agreement and hence obligated to submit to arbitration, because it failed to notify respondent that it terminated the 1986 Agreement pursuant to 29 USC § 158 (d) (1) (Labor Management Relations Act [61 US Stat 136, 142] § 8 [d] [1]). Alternatively, respondent claims that petitioner's failure to provide notification of its withdrawal from the bargain-

ing unit also compelled it to submit to arbitration. Lastly, respondent claims that petitioner ratified the 1989 Agreement.

A party may not be compelled to arbitrate a dispute absent evidence which affirmatively establishes its intention to do so. *(Matter of Waldron [Goddess],* 61 NY2d 181 [1984].) Here, the 1989 Agreement specifically required that members become signatory to the Agreement before becoming bound. Inasmuch as petitioner was never a signatory to the Agreement, the Union's contention that the petitioner was bound by its terms is lacking in merit. Moreover, since the 1986 Agreement expired, and was not terminated or modified by petitioner, petitioner was not obligated to provide any notification to the Union pursuant to Labor Management Relations Act § 8 (d) (1) (29 USC § 158 [d] [1]; *Proctor & Gamble Ind. Union v Proctor & Gamble Mfg. Co.,* 312 F2d 181, 188 [2d Cir 1962]). Furthermore, petitioner did not ratify the 1989 Agreement inasmuch as it failed to assent to it. *(Matter of Globe Seaways [National Mar. Engrs.' Beneficial Assn.,* 451 F2d 1159.) We have reviewed the remaining contentions of respondent Union, and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach and Kupferman, JJ.