■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Plaintiff, v DAVID RANKIN et al., Defendants. DAVID RANKIN et al., Third-Party Plaintiffs-Respondents, v SUCCESS CLUB INTERNATIONAL et al., Third-Party Defendants, and FEATHERED NEST et al., Third-Party Defendants-Appellants. [748 NYS2d 381] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 10, 2001, which, inter alia, granted third-party plaintiffs' motion to stay arbitration and denied the cross motion of third-party defendants Feathered Nest and David Hench to compel arbitration, unanimously affirmed, without costs.

Contrary to the contentions of Feathered Nest and Hench, this matter is not governed by the Federal Arbitration Act and federal law, since it does not involve a transaction in interstate commerce (*see* Federal Arbitration Act [9 USC] § 2).

Under New York law, the right to compel arbitration does not extend to a party that has not signed the agreement pursuant to which arbitration is sought unless the right of the nonsignatory is expressly provided for in the agreement (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 185; *Matter of H.I.G. Capital Mgt. v Ligator*, 233 AD2d 270). While the hold harmless clause in the sublease containing the arbitration clause here at issue did benefit Feathered Nest, nothing in the arbitration clause itself suggests that the sublease signatories intended to confer upon Feathered Nest the right to compel arbitration of disputes arising under the sublease (*see County of Onondaga v U.S. Sprint Communications Co.*, 192 AD2d 1108). Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.