70 P.3d 168 (2003)
117 Wash.App. 235
In re The JEAN F. GARDNER AMENDED BLIND TRUST.
David Duryee and Moss Adams, LLP, Appellants/Cross-Respondents,
v.
Jean F. Gardner and First Union Securities, Respondents/Cross-Appellants.
No. 49845-2-I.
Court of Appeals of Washington, Division 1.
June 9, 2003.
James Smith, James Hennessey and Ann Marie Bender, Smith & Hennessey, Alexander A. Baehr, Holland & Knight, L.L.P., Robert Heller, Riddell Williams, P.S., Seattle, WA, for Appellants.
Frederick Huebner, Lawrence Cook, Cable, Langenbach, Kinerk & Bauer, LLP, Jeffrey M. Thomas, Christie Snyder, Gordon Murray Tilden, Seattle, WA, for Respondents.
BAKER, J.
David Duryee, trustee of the Jean Gardner Amended Blind Trust, opened a securities account with First Union Securities, and signed a client agreement that contained an arbitration clause. When the value of the trust substantially diminished, Jean Gardner sued Duryee and First Union, alleging breach of fiduciary duty and negligence. The trial court dismissed the case and compelled arbitration. In this appeal, Gardner *169 argues that she should not be compelled to arbitrate because she is not bound by the client agreement. Duryee argues that he should not be compelled to arbitrate because it would deprive him of his right to claim contribution from First Union. Because the damage claim is based upon actions taken pursuant to the investment account agreement, we conclude that the arbitration clause is enforceable, and affirm.

I
Jean Gardner is the grantor and beneficiary of the Jean Gardner Blind Trust. She designated Duryee as trustee. In his role as trustee, Duryee retained First Union (now known as Wachovia Securities) to assist him in investing the trust's assets, and executed a client agreement with First Union.
Paragraph 10 of the client agreement provided in relevant part:
(a) I understand that I am consenting to arbitration of any disputes between you and me....
(b) I agree that all claims or controversies, whether such claims or controversies ... between me and [First Union] ... shall be submitted to arbitration....
In the definitions section of the client agreement, the terms "I," "me," "customer," and "accountholder" are defined as "each person who signs the Application."
Between December 31, 1997 and March 31, 2000, the trust's value substantially declined. Gardner sued for money damages against Duryee, Duryee's employer Moss Adams, and First Union, alleging breach of fiduciary duty, negligence, and breach of contract.
Duryee filed a contribution cross claim against First Union. The trial court compelled arbitration of all claims pursuant to the client agreement. We granted discretionary review.

II
Gardner argues that the arbitration clause is not binding on her because she did not sign the investment account agreement, and, by its terms, the agreement applies only to persons who sign the agreement.
We review de novo the question of whether an issue is arbitrable.[1] While we have not been referred to any Washington case on point, we find the reasoning in the Texas case of Merrill Lynch, Pierce, Fenner & Smith v. Eddings[2] to be persuasive. In that case, a trustee signed an account agreement with Merrill Lynch containing an arbitration clause. The trust settlor and the beneficiaries of the trust did not sign the agreement and claimed they were not bound by it. The Texas Court of Appeals determined that the account agreement between the trustee and Merrill Lynch was the "underlying basis for all of the claims" and the beneficiaries would have no claims had the account agreement never been signed by the trustee.[3] The court therefore held that the settlor and the beneficiaries were bound by the arbitration agreement and reasoned "[i]f the settlor and beneficiaries of a trust could bring suit independently of the trustee and thereby avoid the arbitration agreement, the strong state policy favoring arbitration would be effectively thwarted."[4]
In Clark v. Clark,[5] a trustee signed a client agreement containing an arbitration clause. The beneficiary of the trust did not know that the investment account had been established, nor did he know about the agreement or its arbitration clause.[6] Soon after the account was established, the trustee began dissipating large amounts of money from the trust. The beneficiary sued, alleging negligence and breach of fiduciary duty on the part of both the trustee and Merrill Lynch. *170 Merrill Lynch successfully moved to stay the proceedings and compel arbitration pursuant to the agreement.[7] On appeal, the majority reversed on the basis that the claims and allegations contained in the plaintiff's complaint were independent of the agreement.[8] The court concluded that the trustee is not an agent of the beneficiary and, therefore, cannot bind the beneficiary by virtue of having signed the agreement.[9]
We agree with the majority's position in Clark that a trustee is not an agent of the beneficiary, and therefore cannot bind the beneficiary under agency principles.[10] But we do not agree with the court's conclusion that the claims do not arise from the agreement. Rather, we agree with the concurring opinion, which states, "The key is whether the account agreement, containing the arbitration clause, is the underlying basis for all of the beneficiaries' claims; if so, the non-signatory beneficiary will be bound by the arbitration agreement."[11]
There is no question that Duryee had authority to enter into the agreement, and to agree to the arbitration provision. His agreement legally binds the trust, and Gardner sues as a beneficiary of that trust. Further, Gardner's claims arise directly out of transactions made pursuant to the investment account agreement. The agreement's arbitration provision requires arbitration of claims "concerning or arising from" the agreement. Gardner's claims allege negligence and breach of fiduciary duty on the part of Duryee and First Union. Her claim for breach of fiduciary duty alleges that Duryee breached his fiduciary duty by "imprudently investing assets ... [and] failing to properly diversify assets of the trust." Her claim for negligence alleges that defendants breached their duty to "exercise reasonable care in investing the assets" of the trust. These claims directly concern or arise from the agreement. We conclude that Gardner is bound by the agreement's arbitration provision.
Duryee argues that arbitration will deny him the right to obtain contribution upon motion, because First Union can argue that the jury's determination of fault cannot be enforced against it because it was not a party to the lawsuit. Instead, Duryee may be forced to relitigate First Union's fault. But in Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,[12] the United States Supreme Court held that arbitration agreements are enforceable even though arbitration would result in bifurcated proceedings because not all the parties to the dispute were parties to the arbitration agreement:
It is true, therefore, that if Mercury obtains an arbitration order for its dispute, the Hospital will be forced to resolve these related disputes in different forums. That misfortune, however, is not the result of any choice between the federal and state courts; it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.[[13]]
*171 Duryee also argues that if forced to arbitrate, he would be prevented from pursuing the alternative dispute resolutions set forth in Washington's Trust and Estate Dispute Resolution Act.[14] The Act contains procedures to "encourage the prompt and early resolution of disputes in trust, estate, and nonprobate matters."[15] It provides that superior courts have "original subject matter jurisdiction" over matters relating to trusts,[16] but it does not preclude parties from agreeing to arbitration.[17]
Duryee waived jurisdiction in superior court by agreeing to arbitrate: "I understand that I am consenting to arbitration of any disputes between you and me, and I understand the following.... The parties are waiving their right to seek remedies in court." The trial court properly compelled arbitration of Duryee's claims.
First Union seeks attorney fees pursuant to RCW 11.96A.150(1), but we decline to award fees.
AFFIRMED.
BECKER and COLEMAN, JJ., concur.
NOTES
[1] CPL, L.L.C. v. Conley, 110 Wash.App. 786, 795, 40 P.3d 679 (2002).
[2] 838 S.W.2d 874 (Tex.App.1992).
[3] Eddings, 838 S.W.2d at 879.
[4] Eddings, 838 S.W.2d at 879. Washington Courts apply a strong presumption favoring arbitration. Perez v. Mid-Century Ins. Co., 85 Wash. App. 760, 765, 934 P.2d 731 (1997); Botting Plumbing & Heating Co. v. Constructors-Pamco, 47 Wash.App. 681, 683, 736 P.2d 1100 (1987).
[5] 57 P.3d 95 (Okla.Ct.App.2002).
[6] Clark, 57 P.3d at 96.
[7] Clark, 57 P.3d at 96.
[8] Clark, 57 P.3d at 98.
[9] Clark, 57 P.3d at 99.
[10] "Where a person transfers property to another, the question whether there is an agency depends upon the amount of control agreed to be exercised by the person for whose benefit the transferee is to act, or, in doubtful situations, upon the amount of control in fact exercised." Restatement (Second) of Agency § 14B cmt. f (1958). Thus, "if a trustee is not an agent, he has no power to bind the beneficiary by contract or otherwise ... although he can subject the trust property to a claim based upon a tort, a contract, or a restitution duty." Restatement (Second) of Agency, supra, cmt. g. Because a beneficiary of a blind trust has no control of the trustee, and does not have general supervision over the trustee, an agency relationship does not exist.
[11] Clark, 57 P.3d at 100.
[12] 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
[13] Mercury Constr., 460 U.S. at 20, 103 S.Ct. 927 (footnotes omitted).
[14] Ch. 11.96A RCW.
[15] RCW 11.96A.260.
[16] RCW 11.96A.040(2).
[17] See Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (customer waived the jurisdiction of federal district court by agreeing to arbitration).