■ GEFFREY BESSER, as Beneficiary of a Trust Created Under the Will of ROBERT E. BESSER, Respondent, v JAMES T. MILLER et al., Respondents, and ADVEST, INC., et al., Appellants. [785 NYS2d 625]—

Appeal from an order of the Supreme Court, Erie County (Salvatore R. Martoche, J.), entered March 11, 2004. The order, insofar as appealed from, denied that part of the motion of respondents Advest, Inc. and Edward Carlsen, Sr. to dismiss the claim pursuant to General Business Law § 349 or, in the alternative, to stay the proceeding with respect to that claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of Advest, Inc. and Edward Carlsen, Sr. (respondents) that Supreme Court erred in failing to grant that part of their motion seeking dismissal of the claim pursuant to General Business Law § 349 and thus should have granted their motion seeking dismissal of the petition against them in its entirety. Contrary to respondents' contention, petitioner has standing to assert a claim under section 349. Although petitioner, the beneficiary of the trust underlying this dispute, failed to demand that the trustees bring a lawsuit on behalf of the trust in the first instance (*see Velez v Feinstein*, 87 AD2d 309, 315 [1982], *lv dismissed in part and denied in part* 57 NY2d 737 [1982]; *Levy v Carver Fed. Sav. & Loan Assn.*, 18 AD2d 1062 [1963]), we conclude that the allegations in the petition, when accepted as true, liberally construed,

and accorded the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), are sufficient to allege the futility of such a demand (*see Schlegel v Schlegel Mfg. Corp.*, 23 AD2d 808, 808-809 [1965]; *see also Barr v Wackman*, 36 NY2d 371, 381 [1975]; *Allison Publs. v Mutual Benefit Life Ins. Co.*, 197 AD2d 463, 463-464 [1993]). We further agree with petitioner that he is within the zone of interest to be protected by General Business Law § 349 (*see generally Matter of Fritz v Huntington Hosp.*, 39 NY2d 339, 346 [1976]). Finally, we reject the alternative contention of respondents that the court erred in denying that part of their motion seeking to stay the proceeding with respect to the General Business Law § 349 claim and to compel petitioner to arbitrate that claim. There is no evidence establishing that the parties to the brokerage agreement intended petitioner to be bound by the arbitration clause therein and no evidence that petitioner intended to be so bound (*see Mionis v Bank Julius Baer & Co.*, 301 AD2d 104, 109 [2002]; *Matter of First Winthrop Props. [Carney]*, 177 AD2d 282, 283 [1991]; *Matter of Schneidman [Martin]*, 136 AD2d 481, 482 [1988]; *see also Greater N.Y. Mut. Ins. Co. v Rankin*, 298 AD2d 263 [2002]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.