OPINION OF THE COURT
John B. Riordan, J.
In this accounting proceeding, the court must determine the effect of an arbitration clause in an agreement wherein the trustee delegated his investment function pursuant to EPTL 11-2.3 (c) (3).
This is a proceeding to judicially settle the intermediate accounts of David Blumenkrantz, trustee of a testamentary trust created under the will of Renee Blumenkrantz. The last will and testament of Renee Blumenkrantz, duly admitted to probate by a decree of this court dated September 24, 1999, divides the residuary estate into two parts, one half to David Blumenkrantz and the remaining one half to Katie Blumenkrantz, in trust. Letters of trusteeship issued to David Blumenkrantz.
By petition filed on June 4, 2003, Katie Blumenkrantz commenced a proceeding to compel an accounting. The trustee thereafter petitioned for the voluntary settlement of his accounts for the period August 23, 1999 through May 31, 2003. The delegee, Wachovia Securities, was not named as a respondent. Katie Blumenkrantz filed objections alleging that the trustee and Wachovia Securities are responsible for a loss of more than 50% of the value of the trust.
By decision and order dated January 23, 2006, the court granted the trustee’s motion for an order allowing amendment of the petition to implead Wachovia Securities. A supplemental citation issued and Wachovia Securities now moves for an order pursuant to CPLR 7503 directing a stay of the accounting proceeding and compelling arbitration.
Pursuant to an agreement dated March 1, 2000, the trustee delegated the investment function to First Albany Corporation (predecessor of Wachovia Securities), pursuant to EPTL 11-2.3. David Blumenkrantz signed both an agreement creating an account and the delegation agreement in his capacity as trustee. Article 10 of the account agreement provides in part:
*464 “It is agreed that any claim, dispute or controversy between us shall be submitted to arbitration under (i) the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc., as to any matter; or (ii) with respect to transactions effected on any other stock exchange, under the arbitration rules of such stock exchange, or (iii) pursuant to the code of Arbitration Procedures of the National Association of Securities Dealers, Inc., or (iv) where applicable, pursuant to the rules of the Municipal Securities Rulemaking Board as I may elect.”
The trustee contends that EPTL 11-2.3 (c) (3) confers jurisdiction upon the Surrogate’s Court to hear any dispute concerning the management of trust funds by an investment advisor. The statute, the trustee argues, supercedes the provision in the agreement which provides for arbitration.
The current beneficiary of the trust, Katie Blumenkrantz, contends that she is a third-party beneficiary of the agreement and is not bound by the arbitration clause. Although the motion by Wachovia Securities seeks a determination that the trustee (not the objectant) is bound by the arbitration clause, the effect of the arbitration clause on the rights of the beneficiaries of the trust as well as the trustee must be determined in order to identify the issues to be tried in this proceeding.
The threshold question is the construction of EPTL 11-2.3 (c) (3) to determine whether it requires a judicial forum for all disputes between the trustee and investment advisor. The statute must be analyzed in conjunction with the Federal Arbitration Act (9 USC § 1 et seq.).
This arbitration agreement involves interstate commerce and is governed by the Federal Arbitration Act (Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193 [1995]). It is within the jurisdiction of this court to determine whether the New York statute is preempted by the Federal Arbitration Act (see, Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ., 489 US 468 [1989]).
In creating a substantive rule applicable to state and federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements (Southland Corp. v Keating, 465 US 1, 16 [1984]). The basic purpose of the Federal Arbitration Act is to overcome the courts’ refusals to enforce agreements to arbitrate (Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 270 [1995]).
*465 EPTL 11-2.3 (c) (3) provides:
“By accepting the delegation of a trustee’s function from the trustee of a trust that is subject to the law of New York, the delegee submits to the jurisdiction of the courts of New York even if a delegation agreement provides otherwise, and the delegee may be made a party to any proceeding in such courts that places in issue the decisions or actions of the delegee.”
The trustee contends that the effect of the statute is to provide the trustee and the beneficiary with a judicial forum to determine any dispute with Wachovia, regardless of the arbitration clause in the agreement. If the statute is construed to require that disputes be resolved in a judicial forum, it is in conflict with and is preempted by the Federal Arbitration Act (Perry v Thomas, 482 US 483 [1987]). The court construes EPTL 11-2.3 (c) (3) to require an investment advisor to personally submit to the jurisdiction of the court. The court does not interpret the statute as an attempt to invalidate agreements to arbitrate. New York has a strong public policy favoring arbitration (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146 [1995]) and EPTL 11-2.3 (e) (3) should be harmonized, if possible, with federal law. Based upon the foregoing, the court finds that the trustee is bound by the agreement to arbitrate.
The trustee alleges that Wachovia Securities waived any right to arbitrate by a delay in moving for an order compelling arbitration, after service of the notice of motion to implead Wachovia. Wachovia Securities did not oppose the motion to implead. The court’s decision granting the motion to implead required the trustee to serve a supplemental citation on Wachovia Securities. It was after service of the supplemental citation that Wachovia Securities made a preanswer motion to stay this proceeding and to compel arbitration. A determination that a party waived the right to arbitrate requires a finding that the party elected to litigate rather than arbitrate (Les Constructions Beauce-Atlas v Toed Bldg. Corp. of N.Y., 294 AD2d 409 [2002]). There was no waiver of the right to arbitrate.
An additional question presented on this motion is whether the objectant, a nonsignatory to the delegation agreement, is bound by the arbitration provision. It is within the jurisdiction of the court to determine whether the signatories to an agreement have agreed to submit their dispute to arbitration (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1 [1980]) *466 and whether a nonsignat'ry is bound by an arbitration clause (Ben-Reuven v Kidder Peabody & Co., 139 Misc 2d 90 [1988]).
Here, if the objectant has a claim against Wachovia Securities for breach of fiduciary or other duty, it arose from the customer agreement and she cannot simultaneously assert a claim against Wachovia based on the agreement and seek to repudiate the arbitration clause in the agreement (God’s Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371 [2006]; Bevere v Oppenheimer & Co., 862 F Supp 1243 [1994]; Matter of Jean F. Gardner Amended Blind Trust, 117 Wash App 235, 70 P3d 168 [2003] [if the account agreement containing the arbitration clause is the underlying basis for all of the beneficiary’s cla'-ms the nonsignatory beneficiary is bound by the arbitration clause]). Furthermore, if the beneficiary of the trust could bring suit independently of the trustee and thereby avoid the arbitration clause, the strong state policy favoring arbitration would be thwarted (see, Merrill Lynch, Pierce, Fenner & Smith v Eddings, 838 SW2d 874 [Tex App 1992]). Simply stated, the beneficiary of a trust is bound by a clause in an account agreement to arbitrate the claims arising out of transactions in the trust’s account (33 CJS, Exchanges of Property § 34; but see Besser v Miller, 12 AD3d 1118 [2004]).
Having determined that both the trustee and the beneficiary are bound by the arbitration clause the next question to consider is who is the proper party to represent the trust in the arbitration, the trustee or the beneficiary. In most cases, the trustee has exclusive authority to maintain an action on behalf of the trust against a third party. He then has the sole responsibility for determining whether to settle, arbitrate or otherwise dispose of the claim (Teamsters v Terry, 494 US 558 [1990]). There are exceptions to this general principle. As explained by the Court of Appeals in Riviera Congress Assoc. v Yassky (18 NY2d 540, 547 [1966]):
“It is fundamental to the law of trusts that cestuis have the right, ‘upon the general principles of equity’ (Robinson v. Smith, 3 Paige Ch. 222, 232) and ‘independently of [statutory] provisions’ (Brinckerhoff v. Bostwick, 88 N. Y. 52, 59), to sue for the benefit of the trust on a cause of action which belongs to the trust if ‘the trustees refuse to perform their duty in that respect’. (Western R. R. Co. v. Nolan, 48 N. Y. 513, 518; see, e.g., Bonham v. Coe, 276 N. Y. 540; Matter of Straut, 126 N. Y. 201, 212, *467 Brooklyn Free Kindergarten Soc. v. Elbran Realty Corp., 255 App. Div. 852; Robinson v. Adams, 81 App. Div. 20, 25). The derivative suit is, in effect, ‘a combination of two causes of action’ — one against the trustees for wrongfully refusing to sue and the other against the party who is liable to the trust (Koral v. Savory, Inc., 276 N. Y. 215, 218).”
Here, the trustee has a conflict of interest. The trustee cannot be held liable for failure to oversee management of the funds absent a determination by the arbitrator that Wachovia Securities is liable to the trust for the loss incurred. It is not in the interest of the trustee to pursue a claim against Wachovia Securities. A finding of misfeasance against Wachovia could result in a finding of liability against the trustee for failure to properly monitor the delegee as required by EPTL 11-2.3 (c) (1) (C). He has thus far declined to commence an action, though he has impleaded Wachovia Securities in the accounting proceeding.
The objectant lacks standing in the accounting proceeding to allege a breach of contract by Wachovia Securities. In an accounting proceeding, a beneficiary can object to the failure of a trustee to commence an action against a third party (9 Warren’s Heaton, Surrogates’ Courts § 122.03, at 122-43 [7th ed]). However, an objection cannot result in a judgment in favor of the beneficiary against a third party, based upon a liability to the estate. The objectant, individually, has no cause of action against Wachovia Securities. Her only right to prosecute a claim against Wachovia Securities is derivative (Velez v Feinstein, 87 AD2d 309 [1982]). The court therefore will entertain a petition by the objectant for limited letters of trusteeship (SCPA 702) to permit the objectant to represent the trust in an arbitration proceeding.
For all of the foregoing reasons, the court concludes that the trustee and the beneficiaries of the trust are bound by the arbitration provision in the agreement.
A hearing in this proceeding as to the liability of the trustee for the alleged failure to properly oversee the management of trust funds by Wachovia Securities (EPTL 11-2.3 [c] [1]) must await a determination by the arbitrator of the dispute between Wachovia Securities and the trust. If the arbitrator determines that there is no liability on the part of Wachovia Securities, the objections under EPTL 11-2.3 (c) (1) would be dismissed.
Accordingly, the motion for an order directing a stay of the accounting proceeding and compelling arbitration is granted.