| |
|---|
| **Soloway v The CIM Group** |
| 2024 NY Slip Op 30377(U) |
| February 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651820/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ANDREW BORROK** | **PART** | **53** |
| | *Justice* | | |

-------------------------------------------------------------------------X

STEPHEN SOLOWAY,

Plaintiff,

- v -

THE CIM GROUP, 246 SPRING STREET (NY) MANAGER, LLC

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651820/2023 |
| **MOTION DATE** | 05/16/2023, 06/15/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 41, 42, 44

were read on this motion to/for _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 36, 40, 43

were read on this motion to/for _____ COMPEL ARBITRATION _____.

Upon the foregoing documents, the motions are decided as set forth below.

The Plaintiff Stephen Soloway, MD, a New Jersey resident, is the owner of three hotel studio units at "The Dominick," a condominium building at 246 Spring Street in Manhattan (**Premises**) (verified complaint ¶ 1 [NYSCEF Doc No. 1]). The Plaintiff alleges that, beginning in or about November 2017, Defendants The CIM Group (**CIM**) and 246 Spring Street (NY) Manager, LLC (**246 Spring**) "took over and assumed management, operation and control of the property, hotel, and its owner rental program . . . under certain written agreements [Defendants entered] with the Trump Organization and/or 'Trump Soho'" (*id.* ¶ 2).

**651820/2023   SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL**
**Motion No.  001 002**

**Page 1 of 6**

1 of 6

The Plaintiff asserts three causes of action. The first is for the Defendants' alleged breach of their duties as agents and fiduciaries of the Plaintiff (*id.* ¶ 24 *et seq.*). The second is for breach of implied contract, quasi contract, and the implied covenant of good faith and fair dealing (*id.* ¶ 34 *et seq.*). The third cause of action seeks an equitable accounting (*id.* ¶ 40 *et seq.*).

The Defendants first move (Mtn. Seq. No. 1) to dismiss the complaint pursuant to CPLR 3211(a)(8) and 3013 with respect to CIM for lack of jurisdiction because The CIM Group allegedly does not exist and so could not have been served. The Plaintiff opposes and submits a cross motion for an order permitting the caption to be amended under CPLR 3025. In support, the Plaintiff submits copies of a summons and complaint and other litigation documents in a 2019 action filed in New York County Supreme Court captioned *Lang v Trump International Hotels Management, LLC* (Index No. 157943/2019) relating to the Premises in which CIM was named as defendant "CIM Group, LP," and notes that the Defendant answered in that name and did not plead that the name was incorrect (see NYSCEF Doc No 37 and exhibit 5 thereto [NYSCEF Doc No. 30]). Thus, any inadvertent technical error does not warrant dismissal and the Plaintiff's cross motion for amendment of the caption to cure this misnaming of the Defendant is granted under CPLR 3025(c).

The Defendants also seek dismissal with respect to CIM under CPLR 3013, based on Plaintiff's alleged failure to identify the roles of 246 Spring and CIM and to differentiate their conduct. In his verified complaint, Plaintiff alleges that, despite his demands, he has not been made privy to whatever agreements govern operation of the Premises after the Trump International Hotels Management LLC (**TIHM**) was replaced as hotel manager in 2017. CPLR 3211(d) provides that

**651820/2023   SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL**
**Motion No.  001 002**

**Page 2 of 6**

2 of 6

a motion to dismiss can be denied where plaintiff submits affidavits showing that facts essential to justify opposition may exist but cannot then be stated. Plaintiff made such averments in his verified pleading (see NYSCEF Doc No. 1, ¶¶3-4, 9, 12, 41), and so this facet of Defendants' motion must also be denied.[1]

The Defendants also move (Mtn. Seq. No. 2) to compel arbitration or, in the alternative, to dismiss the verified complaint as to 246 Spring. First, the Defendants argue that Plaintiff is bound by the arbitration clause in its Rental Agreements with TIHM (NYSCEF Doc Nos. 20, 21, and 22) and so arbitration should be compelled, pursuant to CPLR 7503(a) and this action stayed, pursuant to CPLR 2201. However, "[u]nder New York law, the right to compel arbitration does not extend to a party that has not signed the agreement pursuant to which arbitration is sought unless the right of the nonsignatory is expressly provided for in the agreement" (*Greater New York Mut. Ins. Co. v Rankin*, 298 AD2d 263, 263 [1st Dept 2002]). The Agreements' signatories are Plaintiff, as Owner, and TIHM, as Hotel Manager. 246 Spring cannot compel arbitration as it is not a signatory to the Rental Management Agreements, and Defendants failed to identify any provision that would expressly extend such right to 246 Spring. In fact, the agreement provides that only the management agreement, not the rental agreement, is assignable.

The Defendants next argue Plaintiff's second cause for breach of implied contract, quasi contract and implied covenant of good faith and fair dealing should be dismissed as duplicative of his

---

[1] Defendants reiterate this argument in motion sequence 002, seeking dismissal of Plaintiff's claims against 246 Spring in motion sequence 002, which also fails.

**651820/2023   SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL**
**Motion No.  001 002**

**Page 3 of 6**

breach of fiduciary duty claim. In the opposition papers, the Plaintiff argues it should survive because he has properly alleged the lack of a written agreement between him and 246 Spring. Pleading in the alternative between breach of contract versus implied contract is permitted (*CIP GP 2018, LLC v Koplewicz*, 194 AD3d 639, 640 [1st Dept 2021] "where there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies"). Allowing these claims to go forward is appropriate at this stage of the litigation. The Plaintiff has yet to have the opportunity to demonstrate, via evidence found in discovery, the nature of the parties' business relationship and the obligations (if any) to which such relationship gives rise. Accordingly, Defendant's motion to dismiss Plaintiff's second cause of action is denied.

Defendants also argue that dismissal of Plaintiff's claims for breach of fiduciary duty and an accounting is warranted because Plaintiff failed to plead those claims in a manner that meets the heightened particularity standard set forth in CPLR 3016(b). This is not so. Plaintiff takes pains to set forth specific examples of defendants' alleged failure to provide copies of current governing documents and records relating to the rental program, costs and expenses, revenue share and other issues affecting the owners of condominium units (verified complaint, ¶ 3). Plaintiff also sets forth specific examples of Defendants allegedly failing to follow instructions regarding acceptable rental rates for his units and continuing to reduce his "revenue share/income" by repeatedly offering his units for free, or subject to "bulk rate" and special rate discounts (verified complaint, ¶ 15).

**651820/2023   SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL**
**Motion No.  001 002**

**Page 4 of 6**

4 of 6

Finally, Defendants argue that Plaintiff's claims for breach of fiduciary duty and an accounting fail by virtue of the three-year limitations period afforded to by CPLR 214(4). To extent Plaintiff can show that Defendants breached their continuing duties to protect his interest in his units and to generate fair rental returns, however, these failures may "constitute[] a continuing wrong that is not referable exclusively to the day the original wrong was committed'" (*Kaymakcian v Board of Managers of Charles House Condominium*, 49 AD3d 407, 407 [1st Dept 2008], quoting *1050 Tenants Corp. v Lapidus*, 282 145, 146 [1st Dept 2001]). To the extent Plaintiff is seeking money damages, as opposed to equitable relief, "the claim is limited to any alleged damages that occurred within three years of the commencement of the instant action" (*id.* 49 AD3d 407-08 [citation omitted]).

The Court has considered the parties' remaining arguments and finds them unavailing.

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss the verified complaint as to defendant The CIM Group is denied; and it is further

ORDERED that plaintiff's cross motion to amend the caption in this action is granted, pursuant to CPLR 3025(c), as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
STEPHEN SOLOWAY,

        Plaintiff,

651820/2023 SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL
Motion No. 001 002

Page 5 of 6

-against-

CIM GROUP, LLC and 246 SPRING
STREET (NY) MANAGER, LLC,

        Defendants.

-----------------------------------------------------------x

and it is further

ORDERED that a copy of this order shall be served on the Clerk of the Court and the Clerk of

the General Clerk's Office through the e-filing system so that the Court's records may be

updated; and it is further

ORDERED that Defendants' motion to compel arbitration and stay the litigation or, in the

alternative, to dismiss the verified complaint as to 246 Spring Street (NY) Manager, LLC is

denied.

__2/2/2024__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651820/2023   SOLOWAY, STEPHEN vs. THE CIM GROUP ET AL**
**Motion No.  001 002**

Page 6 of 6

6 of 6