Parque Solar Don Jose S.A. de C.V. v Enel S.P.A. (2025 NY Slip Op 06819)

Parque Solar Don Jose S.A. de C.V. v Enel S.P.A.

2025 NY Slip Op 06819

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Friedman, Rodriguez, Chan, JJ. 

Index No. 656415/23|Appeal No. 5329-5330-5331|Case No. 2024-07648 2025-00525 2025-02563|

[*1]Parque Solar Don Jose S.A. de C.V., etc., et al, Plaintiffs-Appellants-Respondents,
vEnel S.P.A., Defendant-Respondent-Appellant. 

Latam & Watkins LLP, Washington, DC (Michael E. Bern of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants-respondents.
Gibson, Dunn & Crutcher LLP, New York (Gabriel Herrmann of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered April 10, 2025, dismissing the amended complaint, unanimously modified, on the law, to reinstate the cause of action for breach of the guarantees, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered on or about December 3, 2024, which granted defendant's motion to dismiss the cause of action for breach of the guarantees, and granted its motion to dismiss the cause of action for breach of the covenant of good faith and fair dealing without prejudice, and from an order, same court and Justice, entered on or about January 7, 2025, which dismissed plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
Plaintiffs Parque Solar Don Jose S.A. de C.V., Villanueva Solar, S.A. de C.V, and Parque Solar Villanueva Tres, S.A. de C.V. (collectively, plaintiff facilities) are operators of solar energy facilities in Mexico.[FN1] Plaintiff facilities were created by defendant Enel S.P.A., a multinational energy company based in Italy. Each plaintiff facility entered into a substantially identical contract with a fourth Enel subsidiary, Kino Contractor, S.A (the contractor subsidiary) in which the contractor subsidiary agreed to engineer, procure materials for, and construct three solar energy facilities. Defendant provided each of the plaintiff facilities with a guarantee of the contractor subsidiary's obligations to perform under the construction contracts.
Plaintiffs contend that the facilities failed to meet the "Guaranteed Performance Ratio" under the construction contracts. After the contractor subsidiary denied plaintiff facilities' request for payment and subsequent negotiations were unsuccessful, plaintiffs pursued arbitration in the ICC. The ICC issued a ruling in favor of plaintiffs and found that the contractor subsidiary owed plaintiff facilities liquidated damages plus interest. When the contractor subsidiary did not respond to plaintiffs' payment demand, plaintiffs sent a letter to defendant demanding payment pursuant to Section 4 of the guaranties. Defendant refused to pay, claiming that the demand period had expired, and plaintiffs then commenced this proceeding.
The subject agreements are susceptible to more than one reading, each of which present inconsistencies with other provisions, and are therefore ambiguous (see Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 625 [1st Dept 2018]). As a result, we cannot conclude that plaintiffs were required to make a demand for payment under the guarantees while the arbitration proceeding with contractor subsidiary was pending, because section 4.1 of the guarantees can be interpreted as excusing any requirement to make demand against defendant while the dispute resolution process is ongoing. At the same time, defendant raises whether plaintiffs can collect under the guarantees after they have expired. Consequently, the claim for breach of the guarantees should not have been dismissed at this stage.
Plaintiffs' demands, assuming they were timely, were sufficient under the guarantees. Plaintiffs, defendant's former subsidiaries, were defined in each of the respective guarantees as the "beneficiary" therein; the fact that they had assigned certain rights was irrelevant, because the trustees granted each of them a power of attorney to pursue the claims (see Fitzpatrick Intl. Ltd. v Republic of Equatorial Guinea, 2013 WL 5964560, *3 [SD Tex Oct. 7, 2013, No. H-12-1300]).
Moreover, the power of attorney and plaintiffs' status as secondary beneficiaries of their respective trusts conferred on plaintiffs standing to bring the claims (see Besser v Miller, 12 AD3d 1118, 1119 [4th Dept 2004]). In any event, the amended complaint is brought not only by defendant's former subsidiaries, with which they entered into the guarantees, but also by their assignees and the assignees' trustees.
Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing was properly dismissed. Plaintiffs failed to allege anything more than that defendant owned the majority of its contractor subsidiary's stock and that the subsidiary was thinly capitalized. There were no allegations of disregard of corporate formalities, commingling of funds, fraudulent transfers, or other factors to support piercing the corporate veil (see International Credit Brokerage Co. v Agapov, 249 AD2d 77, 78 [1st Dept 1998]). To the extent there is any question whether the claim for breach of the
implied covenant of good faith and fair dealing was dismissed with prejudice, the court made clear that it was so dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025

Footnotes

Footnote 1: In connection with a financing agreement, plaintiff facilities assigned their rights under the construction contracts and guarantees to three plaintiff trusts.